FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JUN 2 9 2005

JAMES W. McCORMACK, CLERK
By: _____
                                    DEP CLERK

**DOREAN SCOTT, INDIVIDUALLY**
**AND AS THE ADMINISTRATRIX FOR THE**
**ESTATE OF DEDRIC THREETS, DECEASED**                    **PLAINTIFF**

**vs.**                              **04:04CV00951 SWW**

**ALLSTATE INSURANCE COMPANY**                              **DEFENDANT**

**OPPOSITION TO DEFENDANT'S MOTION TO SUBSTITUTE**
**CORPORATE REPRESENTATIVE**

Comes now the plaintiff, Dorean Scott, by and through her attorney, Lori A. Mosby, and for

her Opposition to Defendant's Motion to Substitute Corporate Representative, hereby states as

follows;

1.   On November 24, 2004 this Court entered a Final Scheduling Order in the instant litigations.

2.   Pursuant to the Final Scheduling Order entered in this litigation, "all discovery, including

     evidentiary depositions, shall be completed no later than June 22, 2005."

3.   Also pursuant to said Order, parties may conduct discovery beyond this date if all parties are

     in agreement to do so, but that this Court would not get involved in discovery disputes

     beyond the imposed deadline.

4.   When an act is required or allowed to be done at or within a specified time, the court may

     at its discretion enlarge the period originally prescribed , if such a request is made before the

     expiration of the time originally prescribed or as extended by a previous order.  Fed.R.Civ.P.

     6(b).  Fed.R.Civ.P. 6(b) further allows the court after the expiration of the specified time to

     permit the act to be done when failure is based upon "excusable neglect".

5.   The Supreme Court has noted that "excusable neglect" is a "somewhat elastic concept" not

limited to the omissions caused by circumstances outside the moving party's control, but which must be assessed in view of all relevant circumstances surrounding the omission. See *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 390-95 (1993)(discussing the meaning of neglect and discussing factors other courts have used to determine whether an act or omission is excusable neglect.).

6.     In testing whether neglect was excusable courts have considered the following; a) prejudice to opponent, b) length of delay and potential impact on the judicial proceedings, c) the cause for delay, and whether the cause was within the reasonable control of the moving party, d) the moving party's good faith, e) whether the omission reflected professional incompetence, and f) whether the omission constituted a complete lack of diligence. *Id.*

7.     Defendant's actions or lack thereof do not rise to excusable neglect and therefore, the motion to substitute corporate representative should be denied.

8.     On May 12, 2005, plaintiff filed her Motion to Produce Witnesses, John Perry and Sue Case with corresponding brief in support for deposition testimony in plaintiff's claim against the defendant.

9.     On May 18, 2005, counsel for plaintiff sent written confirmation advising defendant that pursuant to her Subpoena Duces Tecum, Ms. Case was to appear on Friday, June 3, 2005, for deposition testimony, and withdrew same for John Perry. A copy of said letter is attached hereto as **Exhibit A**.

10.    On May 24, 2005, counsel for defendant sent a written letter to counsel for plaintiff advising that Sue Case had spent significant amount of money on a trip to Alaska, which she was taking during the time the deposition was scheduled. Defense also agreed to produce Ms.

2

Case for a deposition beyond the June 22, 2005, deadline, if plaintiff would agree to reschedule the deposition. *See*, copy of defendant's letter attached hereto as **Exhibit B**.

11.   On May 31, 2005, Ms. Mosby and Mr. Baker held a telephone conference with regards to rescheduling the deposition of Ms. Case. Mr. Baker forwarded a letter to Ms. Mosby summarizing said conversation. Defendant agreed to produce Sue Case on Friday, July 1, 2005, for a deposition at the Mosby Law Firm in Little Rock, Arkansas. In exchange, counsel for plaintiff would withdraw the Notice of Deposition and Subpoena Duces Tecum issued to Ms. Case for June 3, 2005. A copy of this letter is attached hereto as **Exhibit C**.

12.   On June 6, 2005, this Court entered an Order denying Plaintiff's Motion to Compel stating that plaintiff's motion was moot because the parties had reached an agreement reschedule Ms. Case's deposition for Friday, July 1, 2005, and, therefore, court intervention was not necessary. *See*, Order attached hereto as **Exhibit D**.

13.   Even as late as June 20, 2005, counsel for defendant acknowledged in written confirmation that it will produce Sue Case for deposition testimony scheduled for July 1, 2005. A copy of said letter is attached hereto as **Exhibit E**.

14.   Now at this late date, *beyond the court imposed deadline for discovery*, and *beyond the agreement of the parties*, defendant attempts to substitute Donna Brewer as its corporate representative.

15.   Defendant's failed to file a motion for the extension of time to conduct discovery within the time prescribed by this Court in its Final Scheduling Order. Further defendant failed to file its motion to substitute parties within the prescribed time period in said Scheduling Order.

16.   Ms. Case has had first-person contact with plaintiff, counsel for plaintiff and other parties

3

whom she has contacted during her investigation and evaluation of plaintiff's claim. Donna Brewer, as Ms. Case's supervisor, only has third-party information with regards to the investigation and evaluation of plaintiff's claim. Ms Case therefore has personal knowledge of the mental impressions of all relevant parties and is privy to any conversations she conducted with plaintiff or others from which she obtained information in evaluating the instant case. Donna Brewer does not have the mental impressions of all of the relevant parties and is not privy to conversations from which she was excluded.

17.  Plaintiff had previously scheduled the deposition of Sue Case on June 3, 2005, within the discovery deadline imposed by this Court. Only at the bequest of and for the convenience of the defendant, to avoid undue expense upon Ms. Case with regards to her scheduled trip to Alaska, did counsel for plaintiff agree to reschedule the deposition of Ms. Case.

18.  Defendant never discussed with plaintiff, its intent to substitute Donna Brewer as its corporate representative in this matter. Defendant never offered to substitute Ms. Brewer for the June 3, 2005 scheduled deposition. Neither did defendant request to substitute Donna Brewer for the currently scheduled deposition on July 1, 2005.

19.  Defendant's argument based upon undue burden and unnecessary expense is irrelevant. Defendant has had two opportunities with which to request substitution of its corporate representative. Defendant was in the best position to know where its employees Donna Brewer and Sue Case would be located at the time said depositions were scheduled, an therefore aware of potential conflicts and expenses to produce Ms. Case at the July 1, 2005 date.

20.  Defendant was the party who advised and assured counsel for plaintiff that it would produce

4

Ms. Case beyond the discovery deadline in exchange for rescheduling her deposition.

21.   Plaintiff in good faith honored the request of defendant and rescheduled the deposition for

July 1, 2005 for the convenience of defendant.

22.   That Sue Case is likely to have personal knowledge and information not known by Donna

Brewer.

23.   Plaintiff has provided evidence which shows that defendant agreed to and assured counsel

for plaintiff that it would produce Sue Case beyond the discovery deadline and defendant

acknowledges in its motion to substitute that it would produce Sue Case for deposition

testimony.

24.   Even though defendant has advised plaintiff's counsel that she could depose Ms. Case if not

satisfied with the deposition of Donna Brewer, to allow defendant's to substitute Ms. Brewer

would result in undue hardship and be greatly prejudicial to plaintiff.

25.   This matter is currently scheduled for trial on August 23, 2005, and given the short time-

period involved before trial and given the difficulty in scheduling Ms. Case for a convenient

time for deposition testimony  would result in plaintiff not being fully prepared for the

currently scheduled court date.  It is highly unlikely that the parties could agree on a

convenient time to depose Ms. Case prior to the trial date, given that each time a date has

been scheduled, defendant formulates a reason why Ms. Case cannot appear.

26.   The cause of the unnecessary expense and avoidance thereof was within the control of

defendant, which is the moving party in the instant issue being litigated.

27.   Defendant's failure to seek the substitution of a corporate representative at an earlier time

period is a result of professional incompetence and a lack of due diligence on part of counsel

5

for defendant.

28.     Defendant's actions constitute bad faith towards plaintiff's good faith actions to accommodate the defendant.

29.     Plaintiff should be required to stand by the agreement, which it requested, and produce Sue Case for deposition testimony on July 1, 2005.

30.     Plaintiff requests that defendant's motion to substitute Donna Brewer as the corporate representative of defendant be denied.

**WHEREFORE,** plaintiff respectfully requests that this Honorable Court find that the discovery deadline has expired; that both parties agreed to extend discovery to allow for the deposition testimony of Ms. Case only; that plaintiff acted in good faith at the bequest of defendant to reschedule the deposition of Ms. Case;  that in exchange for rescheduling said deposition, defendant agreed to produce Ms. Case for deposition and, therefore, should be required to do so as scheduled; that the substitution of Donna Brewer at this late date as corporate representative for Allstate  is extremely prejudicial and would pose an undue burden upon plaintiff; and deny defendant's motion to substitute in its entirety.

Respectfully submitted,
THE MOSBY LAW FIRM
P.O. Box 2127
Little Rock, Arkansas 72203
(501) 370-9814

By: _____
LORI A. MOSBY, ESQ.
*Attorney for Plaintiff*

6

## CERTIFICATE OF SERVICE

I , Lori A. Mosby, hereby certify that a true and correct copy of the foregoing Opposition to Defendant's Motion to Substitute Corporate Representative, was sent, via facsimile (870) 931-1800 to the following parties on this___29th___day of June, 2005:

Mr. Paul Waddell
Mr. Shane Baker
BARRETT & DEACON, P.A.
P.O. Box 1700
Jonesboro, AR 72403

*Attorneys for Defendant*



LORI A. MOSBY, ESQ.

7

# The Mosby Law Firm

3410 W. Roosevelt Road
P.O. Box 2127
Little Rock, Arkansas 72203-2127

**Lori A. Mosby**, Attorney at Law
E-Mail: mosbylaw@sbcglobal.net

(501) 370-9314
(501) 370-9524 Fax
Donald Colson • Law Clerk
Ashley Ohlde • Legal Assistant

May 18, 2005

Paul D. Waddell
Shane Baker
Barrett & Deacon P.A.
P.O. Box 1700
Jonesboro, AR  72403

**Pray for America**
Via Fax only to
**(870) 931-1800**

FAXED   Time: 8:00am
Date: 5/19/02

Re:   **Dorean Scott, Individually, and as Admistratrix for the Estate of Dedric
      Threets, Deceased   vs.   Allstate Insurance Company
      CV-0000951 SWW**

Dear Mr. Baker and/or Mr. Waddell:

I hope this communication finds you in good health and spirit. Moreover, in response to your 5/12/05 correspondence, and pursuant to our telephone conversation, I hereby withdraw my Subpoena Duces Tecum for John Perry. However, pursuant to same, please be advised that the **Subpoena Duces Tecum and Notice of Deposition for Sue Case have not been withdrawn. Ms. Case is still required, pursuant to her Subpoena Duces Tecum, to appear in my office on Friday, June 3, 2005, at 9:00am.**

Should you have any questions, please advise.

Sincerely,

Lori A. Mosby, Esq.
LAM/aao.

cc:   file
      Dorean Scott

**EXHIBIT** A

LAW OFFICES OF

# BARRETT & DEACON

A PROFESSIONAL ASSOCIATION
UNION PLANTERS BANK BUILDING
300 S. CHURCH STREET
POST OFFICE BOX 1700
JONESBORO, ARKANSAS 72403

(870) 931-1700

FAX (870) 931-1800

www.barrettdeacon.com

J.C. DEACON
BARRY DEACON
RALPH W. WADDELL
PAUL D. WADDELL
D.P. MARSHALL JR.
KEVIN W. COLE
ROBERT S. JONES*
ROBERT J. GIBSON
JAMES V. SCURLOCK, II*
J. BARRETT DEACON+
S. SHANE BAKER
ANDY L. ADAMS**
BRANDY L. BROWN***
ANDREW H. DALLAS

JOE C. BARRETT
(1897-1980)

BERL A. SMITH*
(of counsel)

+ Also licensed in Missouri
* Master of Laws in Taxation
** Master of Laws in Energy and Environment
*** Master of Laws in Agricultural Law

*sbaker@barrettdeacon.com*

May 24, 2005

Ms. Lori Mosby
THE MOSBY LAW FIRM
P.O. Box 2127
Little Rock, AR 72203

      VIA FACSIMILE & U.S. MAIL
      Re:    Dorean Scott v. Allstate Insurance Company
            USDC, EDA, No. 4:04CV0000951 SWW

Dear Ms. Mosby:

      Please let us know whether you will agree to reschedule Sue Case's deposition or whether we will need to file a motion to quash. As we discussed last week, Ms. Case has spent a significant amount of money on a trip to Alaska that she has had scheduled now for six months. We will agree to produce Ms. Case for a deposition at your office past the June 22, 2005 discovery deadline.

      We also need to schedule depositions for each of the individuals that we listed in our April 29, 2005 letter, however, we have not heard from you regarding your availability. We originally requested several dates in June. If you are not available in June, we are available on July 5, 6 and 7. We may also be able to produce Sue Case on one of those dates. Let us know as soon as possible whether any of those dates are good for you, or whether you have any days remaining in June for purposes of taking these depositions.

      Sincerely,

      BARRETT & DEACON, P.A.

      Shane Baker

SB:klw



LAW OFFICES OF

## BARRETT & DEACON

A PROFESSIONAL ASSOCIATION
UNION PLANTERS BANK BUILDING
300 S. CHURCH STREET
POST OFFICE BOX 1700
JONESBORO, ARKANSAS 72403

(870) 931-1700

FAX (870) 931-1800

www.barrettdeacon.com

JOE C. BARRETT
(1897-1980)

BERL A. SMITH*
(of counsel)

* Also licensed in Missouri
" Master of Laws in Taxation
** Master of Laws in Energy and Environment
*** Master of Laws in Agricultural Law

*sbaker@barrettdeacon.com*

May 31, 2005

Ms. Lori Mosby
THE MOSBY LAW FIRM
P.O. Box 2127
Little Rock, AR 72203

> VIA FACSIMILE
> Re:   Dorean Scott v. Allstate Insurance Company
>         USDC, EDA, No. 4:04CV0000951 SWW

Dear Ms. Mosby:

This is to follow up our telephone conversation earlier today and to confirm our agreement to produce Sue Case on Friday, July 1, 2005, for a deposition at your office in Little Rock. This is also to confirm that you have agreed to withdraw the Notice of Deposition and Subpoena Duces Tecum that you issued to Ms. Case for June 3.

We will also depose Dorean Scott, Bryan Scott, Marsha Moore-Hudson, Phyllis Dority, Mark Spicer and Jheren Moore on July 1. We will issue notices for their appearance.

Sincerely,

BARRETT & DEACON, P.A.

Shane Baker

SB:klw



**EXHIBIT** C



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 6 2005

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

DOREAN SCOTT, individually and as
administratrix for the estate of Dedric
Threets, deceased

     Plaintiff

VS.

ALLSTATE INSURANCE COMPANY

     Defendant

       NO: 4:04CV000951  SWW

        **ORDER**

  Before the Court is Plaintiff's motion to compel Defendant to produce witnesses John

Perry and Sue Case for depositions.  Plaintiff has informed the Court that the parties have

resolved the matter without court intervention.  Accordingly, the motion to produce witnesses

(docket entry #13) is DENIED AS MOOT.

  IT IS SO ORDERED THIS 6th DAY OF June, 2005.



CHIEF JUDGE
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 6-6-05 BY V

**EXHIBIT** D

**1 6**

F I L E   C O P Y

vjt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


June 6, 2005


* * MAILING CERTIFICATE OF CLERK * *

Re:  4:04-cv-00951.


True and correct copies of the attached were mailed by the clerk to the
following:

        Lori A. Mosby, Esq.
        Mosby Law Firm
        Post Office Box 2127
        Little Rock, AR   72203-2127

        Paul D. Waddell, Esq.
        Barrett & Deacon
        Union Planters Bank Building
        300 South Church Street
        Post Office Box 1700
        Jonesboro, AR   72403-1700

        Kevin Wayne Cole, Esq.
        Barrett & Deacon
        Union Planters Bank Building
        300 South Church Street
        Post Office Box 1700
        Jonesboro, AR   72403-1700

        Stefan Shane Baker, Esq.
        Barrett & Deacon
        Union Planters Bank Building
        300 South Church Street
        Post Office Box 1700
        Jonesboro, AR   72403-1700

        cc: press


                                    James W. McCormack, Clerk

        6/6/05                           V. Turner
Date:  _____        BY:  _____

LAW OFFICES OF

**BARRETT & DEACON**

A PROFESSIONAL ASSOCIATION

300 S. CHURCH STREET

POST OFFICE BOX 1700

JONESBORO, ARKANSAS 72403

(870) 931-1700

FAX (870) 931-1800 / (870) 931-1810

www.barrettdeacon.com

J.C. DEACON
BARRY DEACON
RALPH W. WADDELL
PAUL D. WADDELL
D.P. MARSHALL JR.
KEVIN W. COLE
ROBERT S. JONES*
ROBERT J. GIBSON
JAMES V. SCURLOCK, II*
J. BARRETT DEACON+
S. SHANE BAKER
ANDY L. ADAMS**
BRANDY L. BROWN***
ANDREW H. DALLAS
BRANDON J. HARRISON

JOE C. BARRETT
(1897-1980)

BERL A. SMITH*
(of counsel)

+ Also licensed in Missouri
* Master of Laws in Taxation
** Master of Laws in Energy and Environment
*** Master of Laws in Agricultural Law

*sbaker@barrettdeacon.com*

June 20, 2005

Ms. Lori Mosby
THE MOSBY LAW FIRM
P.O. Box 2127
Little Rock, AR 72203

           **VIA FACSIMILE & U.S. MAIL**
           Re:    Dorean Scott v. Allstate Insurance Company
                  USDC, EDA, No. 4:04CV0000951 SWW

Dear Ms. Mosby:

       This letter confirms that we will take the following depositions on July 1:

1. Dorean Scott beginning at 10:30 a.m.;
2. Bryan Scott beginning at 11:30 a.m.;
3. Marsha Moore-Hudson beginning at 12:15 pm.;
4. Phyllis Dority beginning at 1:00 p.m.;
5. Mark Spicer beginning at 1:45 p.m.; and
6. Jheren Moore beginning at 2:30 p.m.

       We enclose notices for each of these depositions.

       We are also producing Sue Case for her deposition on July 1 beginning at 9:00 a.m. Please call me to let me know which court reporter you have reserved for Sue Cases' deposition. We want to confirm with the court reporter that she will be able to record each of the remaining depositions on July 1.

       We have left several messages for you regarding these depositions, but we have not received a response. Please let us hear from you immediately.



**BARRETT & DEACON**

Sincerely,

BARRETT & DEACON, P.A.

Shane Baker

SB:klw
Enclosures