IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DOREAN SCOTT, individually and as administratrix for the estate of Dedric Threets, deceased | * * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 4:04CV000951  SWW |
| ALLSTATE INSURANCE COMPANY | * * * | |
| Defendant | * * | |

**ORDER**

Plaintiff Dorean Scott ("Scott"), individually and as administratrix of her son's estate, brings this action against Allstate Insurance Company ("Allstate") seeking underinsured motorist ("UIM") benefits.  Before the Court is Allstate's motion for partial summary judgment (docket entry #20). Scott has filed a response (docket entry #23), and Allstate has filed a reply (docket entry #29).  After careful consideration, and for the reasons that follow, Allstate's motion will be granted.

I.

On August 5, 2004, Scott commenced this action in state court seeking $100,000 in UIM benefits.  Scott also seeks punitive damages, claiming that Allstate denied her claim in bad faith.

1

In support of its motion for partial summary judgment, Allstate contends that there are no genuine issues for trial with regard to Scott's claim that Allstate refused her claim in bad faith.

II.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

III.

The Supreme Court of Arkansas[1] has stated that "an insurance company commits the tort

---

[1] When federal jurisdiction is based on diversity of citizenship, a federal court looks to the choice-of-law principles of the forum state and applies those principles as the forum state would. *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994). In contract actions, Arkansas Courts have applied the "significant contacts" test, which requires an inquiry into the nature and quantity of each state's contacts with the transaction at issue. *Fuller v. Hartford Life Ins. Co.,* 281 F.3d 704, 706 (8th Cir. 2002); *Southern Farm Bureau Casualty Ins. Co. V. Craven*, 79 Ark. App. 423, 89 S.W.3d 369 (2002). In this case, the insurance contract was issued in Arkansas to an Arkansas resident, who claims benefits as a result of an accident that occurred in Arkansas. See docket entry #1, attached complaint. Accordingly, pursuant Under the significant contacts

of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured. . . . . Mere negligence or bad judgment is insufficient so long as the insurer is acting in good faith." *State Auto Property and Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 56, 991 S.W.2d 555, 559 (1999).

Allstate asserts that Scott is unable to establish that it engaged in dishonest, malicious, or oppressive conduct in denying her claim. Scott argues that Allstate failed to exercise due care and diligence and investigating her claim. According to Scott, "inadequate investigation, inadequate evaluation of the claim and inadequate consideration of the insured's interest are three devices for proving bad faith." Docket entry #23, at 2.

Scott is mistaken. Under Arkansas law, "mere failure to investigate a claim is not the sort of affirmative misconduct that gives rise to a cause of action in tort for bad faith." *Reynolds v. Shelter Mut. Ins. Co.,* 313 Ark. 145, 148, 852 S.W.2d 799, 801 (1993). The record contains no evidence that Allstate engaged in dishonest, malicious, or oppressive conduct. The Court concludes that no genuine issues exist regarding Scott's bad faith claim.

IT IS THEREFORE ORDERED that Defendant Allstate Insurance Company's motion for partial summary judgment (docket entry #20) is GRANTED. Plaintiffs' claim that Allstate denied her claim in bad faith is DISMISSED WITH PREJUDICE. Plaintiff's breach of contract claim remains.

IT IS SO ORDERED THIS 8TH DAY OF AUGUST, 2005.

/s/Susan Webber Wright

---

test, Arkansas law governs the substantive issues in this case.

UNITED STATES DISTRICT JUDGE